IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY JOE WINROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-CV-323-TCK-PJC |
| ) | |
| WALTER DINWIDDIE, Warden, DCCC; ) | |
| DICK BARTLEY, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On June 6, 2007, Plaintiff, a state inmate appearing *pro se*, filed a civil rights complaint (Dkt. # 1). By Order filed June 25, 2007 (Dkt. # 4), the Court advised Plaintiff that his complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Plaintiff was afforded an opportunity to file an amended complaint to cure deficiencies. See Dkt. # 4. On July 11, 2007, Plaintiff filed an amended complaint (Dkt. # 7). By Order filed October 16, 2007 (Dkt. # 12), the Court dismissed Plaintiff's claims of denial of access to courts and improper mail handling, directed service of the amended complaint, and directed Defendants to answer or otherwise plead to Plaintiff's claim that he was exposed to asbestos while housed in the segregated housing unit ("SHU") at Dick Conner Correctional Center ("DCCC"). On December 21, 2007, Defendants filed a motion to dismiss/motion for summary judgment (Dkt. # 18), along with a Special Report (Dkt. # 19). Plaintiff filed a response (Dkt. # 21), an affidavit (Dkt. # 23), and a "motion for medical assistance" (Dkt. # 20). For the reasons discussed below, the Court finds Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies should be granted. Defendants' motion to dismiss should be declared moot. Plaintiff's "motion for medical assistance" should be denied.

## *BACKGROUND*

The events giving rise to Plaintiff's claims occurred at DCCC, located in Hominy, Oklahoma. Plaintiff is no longer incarcerated at that facility. In his amended complaint (Dkt. # 7), Plaintiff identifies two (2) claims, as follows:

Count I:   Cruel and unusual punishment in violation of 1st 8th 14th const. amendments to U.S. Const. resulting in physical injury.

Count II:  Denied access to court notices and court pleadings filed within Dist. Court in violation of the U.S. Const. 1st 14th and 8th Amendments to the U.S. Const. resulting in physical injury.

(Dkt. # 7). In support of his first claim, Plaintiff alleges that on August 31, 2006, he was placed in the SHU at DCCC, where he remained for approximately forty (40) days, allegedly because of his inquiries concerning the handling of his legal mail. Plaintiff alleges that while in the SHU, he was exposed to asbestos and that approximately three (3) months after his release from the SHU, that portion of the facility was closed due to asbestos contamination. Plaintiff claims that he has been "physically injured by the Defendant Mr. Walter Dinwiddie, when he allowed his staff to place this petitioner in a building that contained (Asbestos) in retaliation of this petitioner requesting help from the Defendant about the mishandling of his legal mail . . . ." (Dkt. # 7). According to Plaintiff, "[a]sbestos causes cancer and lung disease, this petitioner has unidentified white skin spots on his arms and hands, that continue to get worse, this petitioner has been having breathing problems that are coming from deep within his chest." (Id.)

In support of his second claim, Plaintiff alleges that Defendant Bartley mishandled incoming mail from the Pottawatomie District Court Clerk, and that as a result, he was denied "the pleadings he needed to forward his appeal to the Oklahoma Court of Criminal Appeals, in Oklahoma City." (Dkt. # 7). Plaintiff asserts that he is entitled to money damages on this claim because "Defendant

Mr. Dick Bartley placed this petitioner in a position of being placed in the Dick Conners Correctional Centers Segregated housing unit, placing this petitioner in harms way . . . this petitioner has been physically injured by the negligence of the defendant." (Dkt. # 7).

In his request for relief, Plaintiff asks for the following:

> This petitioner would request a jury trial and request that this Court grant this petitioner damages for being placed in SHU resulting in physical injuries chest pains and breathing and skin issues, loss of earn (sic) credits, and granted proper medical treatment present and past in the amount this Court deems proper fit and equitable.

(Dkt. # 7).

As indicated above, by Order filed October 16, 2007, the Court dismissed Plaintiff's claims of denial of access to courts and improper mail handling for failure to state a claim upon which relief may be granted and directed service of the complaint as to Plaintiff's remaining claim concerning his exposure to asbestos while held in the SHU at DCCC. See Dkt. # 12. In response to that claim, Defendants filed a motion to dismiss/motion for summary judgment (Dkt. # 18) asserting that (1) Plaintiff failed to exhaust his administrative remedies, (2) Plaintiff failed to allege personal participation of Defendants, (3) Defendants are protected by immunity, and (4) Plaintiff has not shown that Defendants violated his Eighth Amendment rights. Plaintiff filed a response (Dkt. # 21) to Defendants' dispositive motion, a "motion for medical assistance" (Dkt. # 20), and a supporting affidavit (Dkt. # 23).

### *ANALYSIS*

**A. Summary judgment standard**

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(c). When reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Id. The Court cannot resolve material factual disputes at summary judgment based on conflicting affidavits. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991). However, the mere existence of an alleged factual dispute does not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Only material factual disputes preclude summary judgment; immaterial disputes are irrelevant. Hall, 935 F.2d at 1111. Similarly, affidavits must be based on personal knowledge and set forth facts that would be admissible in evidence. Id. Conclusory or self-serving affidavits are not sufficient. Id. If the evidence, viewed in the light most favorable to the nonmovant, fails to show that there exists a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. See Anderson, 477 U.S. at 250.

Where a *pro se* plaintiff is a prisoner, a court authorized Special Report prepared by prison officials may be necessary to aid the Court in determining possible legal bases for relief for unartfully drawn complaints. See Hall, 935 F.2d at 1109. The Court may treat the Special Report as an affidavit in support of a motion for summary judgment, but may not accept the factual findings of the report if the plaintiff has presented conflicting evidence. Id. at 1111. The plaintiff's complaint may also be treated as an affidavit if it is sworn under penalty of perjury and states facts based on personal knowledge. Id. The Court must also construe a plaintiff's *pro se* pleadings liberally for purposes of summary judgment. Haines v. Kerner, 404 U.S. 519, 520 (1972). When reviewing a

motion for summary judgment it is not the judge's function to weigh the evidence and determine the truth of the matter but only to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.

**B. Exhaustion of Administrative Remedies**

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. Woodford v. Ngo, 548 U.S. 81 (2006); Booth v. Churner, 532 U.S. 731, 741 (2001). The statutory exhaustion requirement is mandatory, and this Court is not authorized to dispense with it. See Beaudry v. Corr. Corp. of America, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). There is no futility exception to § 1997e(a)'s exhaustion requirement. Booth, 532 U.S. at 741 n. 6 ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."). To satisfy the exhaustion requirement, an inmate must comply "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of is proceedings." Ngo, 548 U.S. at 90-91. As a result, "the PLRA exhaustion requirement requires proper exhaustion." Id. at 93. An inmate's failure to exhaust administrative remedies under the

PLRA is an affirmative defense and the inmate is not required to specially plead or demonstrate exhaustion in his complaint. Jones v. Bock, 549 U.S. 199 (2007) (abrogating Steele v. Federal Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003)). An inmates' compliance with the PLRA exhaustion requirement as to some, but not all, claims does not warrant dismissal of the entire actions. Id. (abrogating Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)).

**C. Defendants are entitled to judgment as a matter of law**

The Court finds that in this case, the evidence, viewed in the light most favorable to Plaintiff, fails to show that there exists a genuine issue of material fact as to whether Plaintiff satisfied the exhaustion requirement of the PLRA prior to filing his amended complaint. The Department of Corrections ("DOC") grievance procedure, see "Inmate/Offender Grievance Process" (OP-090124) (viewed at www.doc.state.ok.us), calls for submission of a grievance within 15 calendar days of the incident or the date of the response to the "request to staff" form, whichever is later. A "request to staff" must be submitted within 7 calendar days of the alleged incident to be timely. See id. The reviewing authority is required to respond to the grievance within 15 working days of receipt of the grievance. If dissatisfied with the response by the reviewing authority, the inmate may then appeal to the administrative review authority within 15 calendar days of receipt of the reviewing authority's response. The ruling of the administrative review authority is final and concludes the internal administrative remedy available to the inmate/offender within DOC's jurisdiction. Id.

Plaintiff's claim in this case falls squarely within the PLRA's exhaustion requirement because Plaintiff was "confined in any jail, prison, or other correctional facility" when his claim arose. Cf. Robbins v. Chronister, 402 F.3d 1047, 1054 (10th Cir. 2005) ("Constitutional claims arising *before* the events causing the plaintiff's incarceration are unrelated to prison confinement.").

In support of their dispositive motion, Defendants present evidence indicating that Plaintiff failed to exhaust his administrative remedies in accordance with DOC's grievance policy which provides that a claim has not been exhausted until the prisoner properly and timely files an appeal to the administrative review authority and that authority issues a response to the appeal. See Dkt. # 18, Ex. 1. Additional evidence provided by the parties demonstrates that although Plaintiff submitted various "requests to staff," see Dkt. # 19, Ex. 9; Dkt. # 23 (attached "requests to staff"), he never filed a grievance or a grievance appeal concerning his alleged exposure to asbestos while in SHU at DCCC. See Dkt. # 18, Ex. 1.

In response to Defendants' motion, Plaintiff makes no attempt to controvert Defendants' evidence concerning his failure to exhaust administrative remedies. See Dkt. # 21. Plaintiff's entire response to Defendants' exhaustion argument is that "[t]he PLRA itself is not a source of a prisoner's claim, claims covered by the PLRA are typically brought under 42 U.S.C. § 1983 which does not require exhaustion at all, see Jones v. Bock, --- U.S. ---, 127 S.Ct. 910 (2007), Patsy v. Board of Regents of Fla., 457 U.S. 496, 516, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982)." (Dkt. # 21 at 4). Plaintiff has completely misstated the law. As stated above, prisoners are required by the terms of the PLRA to exhaust administrative remedies before filing a 42 U.S.C. § 1983 civil rights complaint in federal court. See 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199 (2007). Plaintiff has failed to controvert Defendants' summary judgment evidence indicating that he did not exhaust administrative remedies prior to filing this action as required by the PLRA. Ngo, 548 U.S. at 93. Therefore, Plaintiff's claim concerning asbestos exposure, as alleged in the amended complaint, must be dismissed.

In summary, upon review of the record, the Court finds that nothing provided by Plaintiff

controverts Defendants' summary judgment evidence indicating that Plaintiff failed to follow DOC procedures for exhausting available administrative remedies for the claim raised in the amended complaint. The evidence, viewed in the light most favorable to Plaintiff, fails to show that there exists a genuine issue of material fact as to the exhaustion issue. Therefore, the Court concludes Defendants are entitled to judgment as a matter of law and their motion for summary judgment shall be granted. Plaintiff's remaining claim as asserted in the amended complaint shall be dismissed without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). A separate judgment shall be entered for Defendants.

As a final matter, the Court will address Plaintiff's "motion for medical assistance by court order" (Dkt. # 20). In that motion, Plaintiff requests that the Court issue an order "directing the defendants and the medical facility at Lawton Correctional Facility, to grant the requested medical appointments so that this petition[er] can receive the medical service as deemed fit, proper, and equitable, as granted by the United States Supreme Court." See Dkt. # 20. The Court finds the motion should be denied for at least two (2) reasons. First, Plaintiff makes no claim in the amended petition that either named Defendant, both employed at DCCC, provided inadequate medical care. As a result, that issue is not before the Court. Second, during the pendency of this action, Petitioner was transferred from DCCC to Lawton Correctional Facility ("LCF").[1] At the time he filed the motion for medical assistance, Plaintiff was incarcerated at LCF. Neither named Defendant in this case has any involvement in the medical care provided to Plaintiff at LCF. As a result, Plaintiff's motion for medical assistance is improperly asserted in this action. Should Plaintiff believe he was

---

[1] On May 8, 2008, Plaintiff advised the Court that he has been transferred from LCF to Cimarron Correctional Facility, located in Cushing, OK.

provided inadequate medical care at LCF, he should file a separate civil rights action against the proper defendants and in the proper venue, after exhausting administrative remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment (Dkt. # 18) is **granted**.

2. Defendants' motion to dismiss (Dkt. # 18) is **declared moot**

3. Plaintiff's "motion for medical assistance by court order" (Dkt. # 20) is **denied**.

4. The only remaining claim in this action, that Plaintiff was exposed to asbestos, is **dismissed without prejudice** for failure to exhaust administrative remedies.

5. This is a final Order. A separate Judgment shall be entered in favor of Defendants.

DATED THIS 3rd day of September, 2008.

TERENCE KERN
UNITED STATES DISTRICT JUDGE